THOMAS P. BEKO, ESQ. (SBN 02653)
ERICKSON, THORPE & SWAINSTON
99 West Arroyo Street, Reno, NV 89509
Telephone: 775-786-3930; Fax: 775-786-4160
tbeko@etsreno.com
*Attorneys for Brae Hulery, Candice Hulery*

UNTIED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-N-21-50236-BTB |
| JUSTIN M. GIULIANI, | **Adversary Case No:** _____ |
|     Debtor. | Chapter 13 Case |
| _____/ | **COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 523** |
| BRAE HULERY and CANDICE HULERY, | (No Hearing Required) |
|     Plaintiffs, | |
| vs. | |
| JUSTIN M. GIULIANI, | |
|     Defendant._____/ | |

BRAE HULERY and CANDICE HULERY (hereinafter "the Hulerys"), by and through their counsel of record, ERICKSON, THORPE & SWAINSTON, LTD., and THOMAS P. BEKO, ESQ., and hereby complain against the defendant JUSTIN M. GIULIANI as follows:

## I.

## **PARTIES**

1. The plaintiffs, BRAE HULERY and CANDICE HULERY are individuals who at all times relevant hereto were residents of the State of Nevada, County of Washoe.

///

2. The defendant, JUSTIN M. GIULIANI. is an individual who at all times relevant hereto was a resident of the State of Nevada, County of Washoe, and who commenced the bankruptcy proceeding more fully described herein.

3. The plaintiffs are informed and believe that there are other individuals who personally participated in the acts alleged herein, or acted in concert with the defendant in pursuit of the underlying actions which formed the basis for this action, or otherwise actively assisted and counseled the defendant in this matter. Plaintiffs pray that when the true identity and involvement of said defendants have been ascertained, that the Court may allow an amendment of this Complaint to insert them into this litigation with appropriate allegations.

## II.

## JURISDICTION AND VENUE

4. On or about March 31, 2021, the defendant Debtor filed a Chapter 13 Bankruptcy Petition with the United States Bankruptcy Court for the District of Nevada, Case No. BK 21-50236-BTB. *See, Docket #1.* The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

5. On or about June 3, 2021, the defendant Debtor filed a pleading to convert the Chapter 13 bankruptcy to a Chapter 7 bankruptcy.

6. One of the obligations that Debtor seeks to discharge through bankruptcy is an obligation to the plaintiffs, which is identified as a nonpriority unsecured claim in the amount of which is an unknown amount specified. This debt is identified as a "Claim for Damages for Breach of Contract." *See, Docket No. 11, page 17 of 19, Official Form 106 Sum.*

7. This Complaint is an objection pursuant to 11 U.S.C. § 523 and a Complaint seeking a judgment of the nondischargeability of debt and that the plaintiffs' claim be exempted from debtor's discharge pursuant to 11 U.S.C. § 523(a)(6).

8. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). In the event this matter is not a core proceeding, plaintiffs consent to this matter being heard and a final judgment entered by the Bankruptcy Court.

9.    Venue of this proceeding is proper before the United States Bankruptcy Court for the District of Nevada pursuant to 28 U.S.C. §1409(a).

### III.

### STATEMENT OF FACTS

10.    As is detailed in the Amended Complaint, a copy of which is attached hereto as *Exhibit 1*, beginning in September of 2016, the defendant Debtor entered into a series of contracts with the plaintiffs relative to work the Debtor promised to perform upon the plaintiffs' 2010 Harley Davidson motorcycle. After allegedly performing some of the work on the plaintiffs' motorcycle, the engine failed. The Debtor then promised to repair the engine free of charge. After many more months passed, the Debtor finally produced the plaintiffs' motorcycle and within a very short period of time the motor failed again. This time, rather than pay additional monies for the repair of the motorcycle, the plaintiffs made the decision to have a completely new "crate" motor from Harley Davidson installed into the motorcycle. They paid the Debtor for that motorcycle.

11.    The Debtor advised the plaintiffs that he would sell the plaintiffs' existing motor to recoup some of the expenses for the new "crate" motor. However, he never did so.

12.    In October of 2018, the Debtor finally produced the plaintiffs' Harley Davidson motorcycle, purportedly with the new "crate" motor fully installed and functional. However, again, within a very short period of time, the engine failed. This time, the plaintiffs took the motorcycle to a reputable motorcycle repair facility where they learned that the allegedly new "crate" motor was nothing of the sort, but instead was just another used motor with various used parts installed.

13.    Upon discovery of these facts, the plaintiffs disputed the credit card charge that applied to the alleged crate motor. In response, the Debtor sent the plaintiffs to collections for a debt which the Debtor listed as $18,597.16.

14.    In response to these acts, the plaintiffs commenced a civil action in the Second Judicial District Court in and for the County of Washoe. This action bore the case number of CV20-01134, and was assigned to Department No. 8.

15. In response to this Complaint, the Debtor filed a counter claim against the plaintiffs wherein he sought damages in an amount in excess of $18,000.00 purportedly for work performed and storage fees.

16. On October 6, 2020, the plaintiffs filed a Motion to Amend their Complaint to add additional claims. That motion was granted on October 23, 2020. The Debtor filed his Answer to that Amended Complaint on October 28, 2020.

17. The plaintiffs' First Amended Complaint contains six separate claims for relief. They include claims for breach of contract, intentional misrepresentation, negligent misrepresentation, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and consumer fraud and deceptive trade practices. Several of these claims are based upon willful, malicious and intentional misconduct.

### IV.

**FIRST CLAIM FOR RELIEF**
**(OBJECTION TO DISCHARGE OF CLAIM- 11 U.S.C. § 523(a)(6))**
**ABUSE OF LEGAL PROCESS**

18. Plaintiffs repeat and allege each and every allegation contained in paragraphs 1 through 17 above, and incorporate the same herein as though set forth in full.

19. An individual debtor may not be discharged from any debt for willful and malicious injury by the debtor to another.

20. As alleged herein, the plaintiffs are informed and believe that the Debtor has engaged in conduct in violation of 11 U.S.C. § 523(a)(6).

21. In doing the things alleged in the underlying state court action, the defendant Debtor wilfully and deliberately intended to cause the plaintiffs to suffer financial loss, stress, emotional distress and anxiety, and/or he subjectively believed that such an injury, harm and damage was substantially certain to occur as a result of his actions.

22. As a proximate result of the defendant's conduct, the plaintiffs have been damaged in an amount in excess of the claim of $35,000.00 when including accrued post-judgment interest as alleged in the plaintiffs' Proof of Claim.

23. Plaintiffs are entitled to a judgment pursuant to 11 U.S.C. §523, exempting

from the defendant's discharge the claims asserted in the underlying state court action (except the Breach of Contract Claim) in accordance with the damages proven at trial.

WHEREFORE, Plaintiffs pray for the following relief:

1. For an award pursuant to 11 U.S.C. §523(a)(6) denying the defendant discharge for all amounts owed to the plaintiffs;

2. For a reasonable award of attorney's fees;

3. For an award of costs of suit;

4. For an order allowing the plaintiffs to add additional parties to this litigation when their identities and roles have been determined; and,

5. For such other and further relief as this Court may deem just and proper under the circumstances.

DATED this 6th day of July, 2021.

ERICKSON, THORPE & SWAINSTON, LTD.


By  /s/ Thomas P. Beko, Esq.
    THOMAS P. BEKO, ESQ.
    *Attorneys for Brae Hulery and Candice Hulery*

## **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of ERICKSON, THORPE & SWAINSTON, LTD., and that on this day I personally served a true and correct copy of the foregoing *Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 523,* on all parties in this action by Electronic Mail through the United States District Court's CM/ECF Filing System.

DATED this 6th day of day of July, 2021.

                       /s/ Dana Matthews
                       Dana Matthews

**Exhibit Index**

*Complaint Objecting to Discharge Pursuant to 11 U.S. C. § 523*

Exhibit 1